# Supreme Court of Florida

---

No. SC2023-1420

---

**IN RE: AMENDMENTS TO FLORIDA RULES OF CRIMINAL PROCEDURE – 2023 LEGISLATION.**

November 22, 2023

PER CURIAM.

In response to recent legislation, The Florida Bar's Criminal Procedure Rules Committee has filed a "fast-track" report proposing amendments to Florida Rules of Criminal Procedure 3.211 (Competence to Proceed: Scope of Examination and Report), 3.212 (Competence to Proceed: Hearing and Disposition), 3.704 (The Criminal Punishment Code), and 3.992 (Criminal Punishment Code Scoresheet).[1] The amendments reflect changes to sections 916.12, 916.13, 921.0024, and 775.0823, Florida Statutes, made by

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(e).

chapters 2023-190, §§ 1, 2, and 2023-270, §§ 3, 4, Laws of Florida, which went into effect on July 1, 2023.

The Board of Governors of The Florida Bar unanimously approved the Committee's proposal. The Committee did not publish its proposal before filing it with the Court. After considering the Committee's proposal and the relevant legislation, we amend the Florida Rules of Criminal Procedure as proposed by the Committee, with slight modification. The more significant revisions are discussed below.

First, subdivisions (b) and (c) of rule 3.211 are amended with language from the statutory changes to section 916.12(4)(b) and (c), Florida Statutes. *See* ch. 2023-270, § 3, Laws of Fla. These provisions require that a clinical assessment must be made to ensure the safety of the patient and the community, list specific possible treatment alternatives, and require the expert's written findings to include a full and detailed explanation regarding why alternative treatment options are insufficient.

Next, new subdivision (c)(3)(E) is added to rule 3.212 to require the court to find other services to be inappropriate before committing a defendant for treatment. Additionally, new

subdivision (c)(5) is added requiring the expert's report to ensure alternative treatment options are fully considered and found insufficient before issuing a commitment order.  After adding new subdivision (c)(5), the subsequent subdivisions are renumbered accordingly.  In renumbered subdivisions (c)(6) and (c)(6)(A), the timeline for facility administrators to file their report is changed from 6 months to 60 days.  These amendments are consistent with the recent updates to section 916.13, Florida Statutes.  *See* ch. 2023-270, § 4, Laws of Fla.

We decline to adopt the grammatical changes to rule 3.704 recommended by the Committee as they were previously submitted to the Court and will be considered in *In re Amendments to Florida Rules of Criminal Procedure 3.030 and 3.704*, No. SC2023-0502.

Finally, references to the "Law Enforcement Protection Act" are removed from rule 3.704(d)(20) and the "Law Enf. Protec." heading is removed from rule 3.992.  In rule 3.992, the heading is replaced with "Specified Justice System Personnel."  These changes are consistent with recent amendments to sections 921.0024(1)(b) and 775.0823, Florida Statutes.  *See* ch. 2023-190, §§ 1, 2, Laws of Fla.

Additionally, the Committee declined to propose amendments to rule 3.780 (Sentencing Hearing for Capital Cases).  However, we amend rule 3.780(a) to generally state "[i]n capital sentencing proceedings" rather than citing section 921.141.

Accordingly, the Florida Rules of Criminal Procedure are amended as reflected in the appendix to this opinion.  New language is indicated by underscoring; deletions are indicated by struck-through type.  The amendments shall become effective immediately.  Because the amendments were not published for comment prior to their adoption, interested persons shall have seventy-five days from the date of this opinion in which to file comments with the Court.[2]

---

2.  All comments must be filed with the Court on or before February 5, 2024, with a certificate of service verifying that a copy has been served on the Committee Chair, Jason B. Blank, Haber Blank, LLP, 888 South Andrews Avenue, Suite 201, Fort Lauderdale, Florida 33316, jblank@haberblank.com, and on the Bar Staff Liaison to the Committee, Michael Hodges, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, rules@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case.  The Committee Chair has until February 26, 2024, to file a response to any comments filed with the Court.  If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal).  If filed by a

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

Original Proceeding – Florida Rules of Criminal Procedure

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Jason B. Blank, Chair, Criminal Procedure Rules Committee, Fort Lauderdale, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Michael Hodges, Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

---

nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927.

# APPENDIX

## RULE 3.211.   COMPETENCE TO PROCEED:; SCOPE OF EXAMINATION AND REPORT

(a)   **Examination by Experts.** ~~Upon~~On appointment by the court, the experts ~~shall~~must examine the defendant with respect to the issue of competence to proceed, as specified by the court in its order appointing the experts to evaluate the defendant, and ~~shall~~must evaluate the defendant as ordered.

(1)   The experts ~~shall~~must first consider factors related to the issue of whether the defendant meets the criteria for competence to proceed; that is, whether the defendant has sufficient present ability to consult with counsel with a reasonable degree of rational understanding and whether the defendant has a rational, as well as factual, understanding of the pending proceedings.

(2)   In considering the issue of competence to proceed, the examining experts ~~shall~~must consider and include in their report:

(A)-(B)      [No Change]

(b)   **Factors to Be Evaluated.** If the experts should find that the defendant is incompetent to proceed, the experts ~~shall~~must report on any recommended treatment for the defendant to attain competence to proceed. In considering the issues relating to treatment, the examining experts ~~shall~~must report on:

(1)   [No Change]

(2)   the completion of a clinical assessment by approved mental health experts trained by the department to ensure safety of the patient and the community;

(2<u>3</u>) the treatment or treatments appropriate for the mental illness or intellectual disability of the defendant and an explanation of each of the possible treatment alternatives ~~in order of choices~~, including, at a minimum, mental health services,

- 6 -

treatment services, rehabilitative services, support services, and case management services as described in s. 394.67, which may be provided by or within multi-disciplinary community treatment teams, such as Florida Assertive Community Treatment, conditional release programs, outpatient services or intensive outpatient treatment programs, and supportive employment and supportive housing opportunities in treating and supporting the recovery of the patient;

(34) the availability of acceptable treatment. If treatment is available in the community, the expert shallmust so state in the report; and

(45) the likelihood of the defendant attaining competence under the treatment recommended, an assessment of the probable duration of the treatment required to restore competence, and the probability that the defendant will attain competence to proceed in the foreseeable future.

**(c)** **Written Findings of Experts**. Any written report submitted by the experts shallmust:

(1)-(2)     [No Change]

(3)     state the expert's clinical observations, findings, and opinions on each issue referred for evaluation by the court, and indicate specifically those issues, if any, on which the expert could not give an opinion; and

(4)     identify the sources of information used by the expert and present the factual basis for the expert's clinical findings and opinions.; and

(5)     include a full and detailed explanation regarding why the alternative treatment options referenced in the evaluation are insufficient to meet the needs of the defendant.

The procedure for determinations of the confidential status of reports is governed by Rule of General Practice and Judicial Administration 2.420.

**(d)    Limited Use of Competency Evidence.**

(1)    The information contained in any motion by the defendant for determination of competency to proceed or in any report of experts filed under this rule insofar as the report relates solely to the issues of competency to proceed and commitment, and any information elicited during a hearing on competency to proceed or commitment held ~~pursuant to~~under this rule, ~~shall~~must be used only in determining the mental competency to proceed or the commitment or other treatment of the defendant.

(2)    The defendant waives this provision by using the report, or portions thereof, in any proceeding for any other purpose, in which case disclosure and use of the report, or any portion thereof, ~~shall be~~are governed by applicable rules of evidence and rules of criminal procedure. If a part of the report is used by the defendant, the state may request the production of any other portion of that report that, in fairness, ought to be considered.

**Committee Notes**

[No Change]

## RULE 3.212.    COMPETENCE TO PROCEED: HEARING AND DISPOSITION

**(a)    Admissibility of Evidence.** The experts preparing the reports may be called by either party or the court, and additional evidence may be introduced by either party. The experts appointed by the court ~~shall be~~are deemed court witnesses whether called by the court or either party and may be examined as such by either party.

**(b)    Finding of Competence.** The court ~~shall~~must first consider the issue of the defendant's competence to proceed. If the court finds the defendant competent to proceed, the court ~~shall~~must enter its order so finding and ~~shall~~ proceed.

**(c)    Commitment on Finding of Incompetence.** If the court finds the defendant is incompetent to proceed, or that the

defendant is competent to proceed but that the defendant's competence depends on the continuation of appropriate treatment for a mental illness or intellectual disability, the court shallmust consider issues relating to treatment necessary to restore or maintain the defendant's competence to proceed.

(1)-(2)     [No Change]

(3)    A defendant may be committed for treatment to restore a defendant's competence to proceed if the court finds that:

(A)-(B)     [No Change]

(C)    treatment appropriate for restoration of the defendant's competence to proceed is available; and

(D)    no appropriate treatment alternative less restrictive than that involving commitment is available.; and

(E)    other mental health services, treatment services, support services, and case management services as described in section 394.67, Florida Statutes, would be inappropriate.

(4)    If the court commits the defendant, the order of commitment shallmust contain:

(A)    [No Change]

(B)    copies of the reports of the experts filed with the court pursuant tounder the order of examination;

(C)-(D)     [No Change]

(5)    Before issuing a commitment order, the court must review the examining expert's report to ensure alternative treatment options have been fully considered and found insufficient to meet the needs of the defendant.

(56)  The treatment facility shallmust admit the defendant for hospitalization and treatment and may retain and treat the defendant. No later than 6 months60 days from the date of

- 9 -

admission, the administrator of the facility shallmust file with the court a report that shall addresses the issues and considers the factors set forth in rule 3.211, with copies to all parties. If, at any time during the 6 month60 day period or during any period of extended commitment that may be ordered pursuant tounder this rule, the administrator of the facility determines that the defendant no longer meets the criteria for commitment or has become competent to proceed, the administrator shallmust notify the court by such a report, with copies to all parties.

(A) If, during the 6 month60 day period of commitment and treatment or during any period of extended commitment that may be ordered pursuant tounder this rule, counsel for the defendant shallmust have reasonable grounds to believe that the defendant is competent to proceed or no longer meets the criteria for commitment, counsel may move for a hearing on the issue of the defendant's competence or commitment. The motion shallmust contain a certificate of counsel that the motion is made in good faith and on reasonable grounds to believe that the defendant is now competent to proceed or no longer meets the criteria for commitment. To the extent that it does not invade the attorney-client privilege, the motion shallmust contain a recital of the specific observations of and conversations with the defendant that have formed the basis for the motion.

(B)   If, upon consideration of a motion filed by counsel for the defendant or the prosecuting attorney and any information offered the court in support thereof, the court has reasonable grounds to believe that the defendant may have regained competence to proceed or no longer meets the criteria for commitment, the court shallmust order the administrator of the facility to report to the court on such issues, with copies to all parties, and shallmust order a hearing to be held on those issues.

(67)  The court shallmust hold a hearing within 30 days of the receipt of any suchthe report from the administrator of the facility on the issues raised thereby. If, following the hearing, the court determines that the defendant continues to be incompetent to proceed and that the defendant meets the criteria for continued commitment or treatment, the court shallmust order continued

- 10 -

commitment or treatment for a period not to exceed 1 year. When the defendant is retained by the facility, the same procedure shallmust be repeated prior to the expiration of each additional 1-year period of extended commitment.

(78) If, at any time after such commitment, the court decides, after hearing, that the defendant is competent to proceed, it shallmust enter its order so finding and shall proceed.

(89) If, after any such hearing, the court determines that the defendant remains incompetent to proceed but no longer meets the criteria for commitment, the court shallmust proceed as provided in rule 3.212(d).

**(d)    Release on Finding of Incompetence.** If the court decides that a defendant is not mentally competent to proceed and there is a substantial probability that the defendant will gain competency to proceed in the foreseeable future, but does not meet the criteria for commitment, the defendant may be released on appropriate release conditions. The court may order that the defendant receive outpatient treatment at an appropriate local facility and that the defendant report for further evaluation at specified times during the release period as conditions of release. A report shallmust be filed with the court after each evaluation by the persons appointed by the court to make such evaluations, with copies to all parties. The procedure for determinations of the confidential status of reports is governed by Rule of General Practice and Judicial Administration 2.420. If a defendant is found to be mentally incompetent to proceed and there is no substantial probability that the defendant will gain competency to proceed in the foreseeable future, the defendant must be released, or the State must initiate civil commitment proceedings.

### Committee Notes

[No Change]

## RULE 3.704.    THE CRIMINAL PUNISHMENT CODE

**(a)-(c)**    [No Change]

**(d) General Rules and Definitions.**

(1)-(19)    [No Change]

(20)   If the primary offense is a violation of ~~the Law Enforcement Protection Act under~~ subsection 775.0823(2), (3), or (4), Florida Statutes, the subtotal sentence points are multiplied by 2.5. If the primary offense is a violation of subsection 775.0823(5), (6), (7), (8), or (9), Florida Statutes, the subtotal sentence points are multiplied by 2.0. If the primary offense is a violation of <u>sub</u>section 784.07(3) or 775.0875(1), Florida Statutes, or ~~the Law Enforcement Protection Act under~~ subsection 775.0823(10) or (11), Florida Statutes, the subtotal sentence points are multiplied by 1.5.

(21)-(31)   [No Change]

### Committee Note

[No Change]

## RULE 3.780.    SENTENCING HEARING FOR CAPITAL CASES

**(a) Evidence.** In <u>capital sentencing</u>~~all~~ proceedings ~~based on section 921.141, Florida Statutes,~~ the state and defendant will be permitted to present evidence of an aggravating or mitigating nature, consistent with the requirements of the statute<u>s</u> and the notice requirements of Florida Rule of Criminal Procedure 3.181. Each side will be permitted to cross-examine the witnesses presented by the other side. The state will present evidence first.

**(b)-(c)**    [No Change]

### Committee Notes

[No Change]

# Rule 3.992. Criminal Punishment Code Scoresheet

**(a) Criminal Punishment Code Scoresheet.** The Criminal Punishment Code Scoresheet Preparation Manual is available at: *http://www.dc.state.fl.us/pub/sen_cpcm/index.html*

| 1. DATE OF SENTENCE | 2. PREPARER'S NAME | 3. COUNTY | 4. SENTENCING JUDGE | |
|---|---|---|---|---|
| 5. NAME (LAST, FIRST, MI.I.) | 6. DOB | 8. RACE ☐B ☐W ☐OTHER | 10. PRIMARY OFF. DATE | 12. PLEA ☐ |
| | 7. DC # | 9. GENDER ☐M ☐F | 11. PRIMARY DOCKET # | TRIAL ☐ |

**I. PRIMARY OFFENSE:** If Qualifier, please check ____A ____S ____C ____R (A=Attempt, S=Solicitation, C=Conspiracy, R=Reclassification)

| FELONY DEGREE | F.S.# | DESCRIPTION | OFFENSE LEVEL | **POINTS** |
|---|---|---|---|---|
| _____/ | _____/ | _____/ | _____/ | |

(Level - Points: 1=4, 2=10, 3=16, 4=22, 5=28, 6=36, 7=56, 8=74, 9=92, 10=116)

Prior capital felony triples Primary Offense points ☐                                    **I. _____**

**II. ADDITIONAL OFFENSE(S):** Supplemental page attached ☐

| DOCKET# | FEL/MM DEGREE | F.S.# | OFFENSE LEVEL | QUALIFY A S C R | COUNTS | | POINTS | | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ | x | _____ | = | _____ |
| DESCRIPTION_____ | | | | | | | | | |
| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ | x | _____ | = | _____ |
| DESCRIPTION_____ | | | | | | | | | |
| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ | x | _____ | = | _____ |
| DESCRIPTION_____ | | | | | | | | | |
| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ | x | _____ | = | _____ |
| DESCRIPTION_____ | | | | | | | | | |

(Level - Points: M=0.2, 1=0.7, 2=1.2, 3=2.4, 4=3.6, 5=5.4, 6=18, 7=28, 8=37, 9=46, 10=58)

Prior capital felony triples Additional Offense points ☐          Supplemental page points _____

**II. _____**

**III. VICTIM INJURY:**

| | | Number | | Total | | | Number | | Total |
|---|---|---|---|---|---|---|---|---|---|
| 2nd Degree Murder | 240 x | _____ | = | _____ | Slight | 4 x | _____ | = | _____ |
| Death | 120 x | _____ | = | _____ | Sex Penetration | 80 x | _____ | = | _____ |
| Severe | 40 x | _____ | = | _____ | Sex Contact | 40 x | _____ | = | _____ |
| Moderate | 18 x | _____ | = | _____ | | | | | |

**III. _____**

**IV. PRIOR RECORD:** Supplemental page attached ☐

| FEL/MM DEGREE | F.S.# | OFFENSE LEVEL | QUALIFY: A S C R | DESCRIPTION | NUMBER | | POINTS | | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| _____ | _____/ | _____ | ☐☐☐☐ | _____ | _____ | X | _____ | = | _____ |
| _____ | _____/ | _____ | ☐☐☐☐ | _____ | _____ | X | _____ | = | _____ |
| _____ | _____/ | _____ | ☐☐☐☐ | _____ | _____ | X | _____ | = | _____ |
| _____ | _____/ | _____ | ☐☐☐☐ | _____ | _____ | X | _____ | = | _____ |
| _____ | _____/ | _____ | ☐☐☐☐ | _____ | _____ | X | _____ | = | _____ |
| _____ | _____/ | _____ | ☐☐☐☐ | _____ | _____ | X | _____ | = | _____ |
| _____ | _____/ | _____ | ☐☐☐☐ | _____ | _____ | X | _____ | = | _____ |
| _____ | _____/ | _____ | ☐☐☐☐ | _____ | _____ | X | _____ | = | _____ |
| _____ | _____/ | _____ | ☐☐☐☐ | _____ | _____ | X | _____ | = | _____ |

(Level = Points: M=0.2, 1=0.5, 2=0.8, 3=1.6, 4=2.4, 5=3.6, 6=9, 7=14, 8=19, 9=23, 10=29)

Supplemental page points _____

**IV. _____**

**Page 1 Subtotal: _____**

Effective Date: For offenses committed under the Criminal Punishment Code effective for offenses committed on or after October 1, 1998, and subsequent revisions.

| NAME (LAST, FIRST, MI) | DOCKET # |
|---|---|
|  |  |

**Page 1 Subtotal:** _____

V. **LEGAL STATUS VIOLATION** = 4 Points
☐ Escape ☐ Fleeing ☐ Failure to Appear ☐ Supersedeas Bond ☐ Incarceration ☐ Pretrial Intervention or Diversion Program
☐ Court Imposed or Post Prison Release Community Supervision Resulting in a Conviction                **V.** _____

VI. **COMMUNITY SANCTION VIOLATION BEFORE THE COURT FOR SENTENCING**
☐ Probation ☐ Community Control ☐ Pretrial Intervention or Diversion                **VI.** _____

☐ 6 points for any violation other than new felony conviction x _____ each successive violation OR

☐ New felony conviction = 12 points x _____ each successive violation if new offense results in conviction before or at same time as sentence for violation of probation OR

☐ 12 points x _____ each successive violation for a violent felony offender of special concern when the violation is not based solely on failure to pay costs, fines, or restitution OR

☐ New felony conviction = 24 points x _____ each successive violation for a violent felony offender of special concern if new offense results in a conviction before or at the same time for violation of probation

VII. **FIREARM/SEMI-AUTOMATIC OR MACHINE GUN** = 18 or 25 Points                **VII.** _____
VIII. **PRIOR SERIOUS FELONY** = 30 Points                **VIII.** _____

Subtotal Sentence Points _____

IX. **ENHANCEMENTS** (only if the primary offense qualifies for enhancement)

| ~~Law Enf. Protect~~ Specified Justice System Personnel | Drug Trafficker | Motor Vehicle Theft | Criminal Gang Offense | Domestic Violence in the Presence of Related Child (offenses committed on or after 3/12/07) | Adult-on-Minor Sex Offense (offenses committed on or after 10/1/14) |
|---|---|---|---|---|---|
| ___ x 1.5 ___ x 2.0 ___ x 2.5 | ___ x 1.5 | ___ x 1.5 | ___ x 1.5 | ___ x 1.5 | ___ x 2.0 |

Enhanced Subtotal Sentence Points **IX.** _____

**TOTAL SENTENCE POINTS** _____

## SENTENCE COMPUTATION

If total sentence points are less than or equal to 44, the lowest permissible sentence is any non-state prison sanction. If the total sentence points are 22 points or less, see Section 775.082(10), Florida Statutes, to determine if the court must sentence the offender to a non-state prison sanction.

If total sentence points are greater than 44:

_____ minus 28 = _____ x .75 = _____

total sentence points                                                 lowest permissible prison sentence in months

If total sentence points are 60 points or less and court makes findings pursuant to both Florida Statute 948.20 and 397.334(3), the court may place the defendant into a treatment-based drug court program.

The maximum sentence for each individual felony offense is the statutory maximum as provided in s. 775.082, F.S., unless the lowest permissible sentence listed above exceeds the statutory maximum for that offense. If the lowest permissible sentence exceeds the statutory maximum for an individual felony offense, the lowest permissible sentence replaces the statutory maximum and must be imposed for that offense. *See State v. Gabriel*, 314 So. 3d 1243 (Fla. 2021). Sentences for multiple felony offenses may be imposed concurrently or consecutively. If total sentence points are greater than or equal to 363, a life sentence may be imposed.

Primary offense: _____         _____
                                         Description                                                 Maximum sentence in years

Additional offense: _____         _____
                                         Description                                                 Maximum sentence in years

Additional offense: _____         _____
                                         Description                                                 Maximum sentence in years

Additional offense: _____         _____
                                         Description                                                 Maximum sentence in years

Total maximum sentence in years for all counts above if consecutive sentences imposed: _____

**TOTAL SENTENCE IMPOSED**

|  |  | Years | Months | Days |
|---|---|---|---|---|
| ☐ State Prison | ☐ Life | _____ | _____ | _____ |
| ☐ County Jail | ☐ Time Served | _____ | _____ | _____ |
| ☐ Community Control |  | _____ | _____ | _____ |
| ☐ Probation | ☐ Modified | _____ | _____ | _____ |

Please check if sentenced as ☐ Habitual Offender, ☐ Habitual Violent Offender, ☐ Violent Career Criminal, ☐ Prison Releasee Reoffender, or a ☐ Mandatory Minimum Applies.

☐ Mitigated Departure   ☐ Plea Bargain   ☐ Prison Diversion Program

☐ Other Reason(s): _____

| **JUDGE'S SIGNATURE** | |
|---|---|

Effective Date:  For offenses committed under the Criminal Punishment Code effective for offenses committed on or after October 1, 1998, and subsequent revisions.

## (b) Supplemental Criminal Punishment Code Scoresheet

| NAME (LAST, FIRST, MI.I) | DOCKET # | DATE OF SENTENCE |
|---|---|---|
| | | |

**II. ADDITIONAL OFFENSES(S):**

| DOCKET# | FEL/MM DEGREE | F.S.# | OFFENSE LEVEL | QUALIFY A S C R | COUNTS | | POINTS | | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ | x | _____ | = | _____ |
| DESCRIPTION_____ |
| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ | x | _____ | = | _____ |
| DESCRIPTION_____ |
| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ | x | _____ | = | _____ |
| DESCRIPTION_____ |
| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ | x | _____ | = | _____ |
| DESCRIPTION_____ |
| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ | x | _____ | = | _____ |
| DESCRIPTION_____ |

(Level - Points: M=0.2, 1=0.7, 2=1.2, 3=2.4, 4=3.6, 5=5.4, 6=18, 7=28, 8=37, 9=46, 10=58)

II. _____

**IV. PRIOR RECORD**

| FEL/MM DEGREE | F.S.# | OFFENSE LEVEL | QUALIFY: A S C R | OFFENSE/DATE/STATE | NUMBER | | POINTS | | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| _____ | _____/ | _____ | ☐☐☐☐ | _____/ _____/ | _____ | X | _____ | = | _____ |
| _____ | _____/ | _____ | ☐☐☐☐ | _____/ _____/ | _____ | X | _____ | = | _____ |
| _____ | _____/ | _____ | ☐☐☐☐ | _____/ _____/ | _____ | X | _____ | = | _____ |
| _____ | _____/ | _____ | ☐☐☐☐ | _____/ _____/ | _____ | X | _____ | = | _____ |
| _____ | _____/ | _____ | ☐☐☐☐ | _____/ _____/ | _____ | X | _____ | = | _____ |
| _____ | _____/ | _____ | ☐☐☐☐ | _____/ _____/ | _____ | X | _____ | = | _____ |

(Level = Points: M=0.2, 1=0.5, 2=0.8, 3=1.6, 4=2.4, 5=3.6, 6=9, 7=14, 8=19, 9=23, 10=29)

IV. _____

### REASONS FOR DEPARTURE - MITIGATING CIRCUMSTANCES
### (reasons may be checked here or written on the scoresheet)

☐ Legitimate, uncoerced plea bargain.

☐ The defendant was an accomplice to the offense and was a relatively minor participant in the criminal conduct.

☐ The capacity of the defendant to appreciate the criminal nature of the conduct or to conform that conduct to the requirements of law was substantially impaired.

☐ The defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction, or for a physical disability, and the defendant is amenable to treatment.

☐ The need for payment of restitution to the victim outweighs the need for a prison sentence.

☐ The victim was an initiator, willing participant, aggressor, or provoker of the incident.

☐ The defendant acted under extreme duress or under the domination of another person.

☐ Before the identity of the defendant was determined, the victim was substantially compensated.

☐ The defendant cooperated with the State to resolve the current offense or any other offense.

☐ The offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.

☐ At the time of the offense the defendant was too young to appreciate the consequences of the offense.

☐ The defendant is to be sentenced as a youthful offender.

☐ The defendant is amenable to the services of a postadjudicatory treatment-based drug court program and is otherwise qualified to participate in the program.

☐ The defendant was making a good faith effort to obtain or provide medical assistance for an individual experiencing a drug-related overdose.

☐ Other Reason(s): _____

Pursuant to 921.0026(3) the defendant's substance abuse or addiction does not justify a downward departure from the lowest permissible sentence, except for the provisions of s. 921.0026(2)(m).

Effective Date: For offenses committed under the Criminal Punishment Code effective for offenses committed on or after October 1, 1998, and subsequent revisions.

- 16 -